UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK PEREIRA and CAMILA DE FREITAS,

    Plaintiffs,

v.                                                      Case No: 6:12-cv-1383-Orl-22TBS

REGIONS BANK,

    Defendant.

## ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Conduct Discovery on Factual Basis for Removal and for Extension of Time to File Motion to Remand. (Doc. 23). Plaintiffs' suit challenges Defendant's practice of charging fees to cash "on-us checks" for non-customers in Florida. (See Doc. 4).

Defendant removed this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on September 10, 2012 (Doc. 1) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. §§ 1332(d) and 1453. (Doc. 1 ¶6). For the Court to exercise subject matter jurisdiction over a CAFA action, the case must meet four requirements: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

Plaintiffs do not allege in their complaint that the amount in controversy exceeds $5,000,000. (Doc. 4). Defendant stated in its notice of removal that Plaintiffs' claim satisfies the amount in controversy requirement and has supported that contention with the declaration of its employee, Alison Holt. (Docs. 1& 3). According to Ms. Holt, between 2008 and August 31, 2012, the Defendant collected a total of $8,900,000 in fees charged for cashing "on-us checks" for non-customers in Florida. (Doc. 3). She also states that many members of the proposed class are domiciled in Florida. (Id.)

Plaintiffs do not challenge the sufficiency of Defendant's notice of removal, but they wish to engage in discovery to determine whether this Court has jurisdiction over their claims by investigating the facts stated in Ms. Holt's declaration. (Doc. 23). Plaintiffs also seek an extension of time within to seek remand on the ground that they cannot file a motion for remand until they have performed this discovery. (Id.)

28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The 30-day period for Plaintiff to file a motion to remand citing procedural defects has expired. (Docket). Thus, if Plaintiffs' motion is denied they will not be able to object to the propriety of the removal of this case, but they will be able, at any time, to challenge whether the Court has subject matter jurisdiction to hear their claim. Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.64 ("There is only a thirty-day window, therefore, for a plaintiff to challenge the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction. . . . [W]here the

plaintiff challenges removal before judgment but after the thirty-day period has lapsed, the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all.") (emphasis in original) (citations omitted).

The relief Plaintiffs seek is unnecessary. If, during discovery, Plaintiffs establish that their claim was for less than $5,000,000 at the time of removal, they can file a motion to remand the case to state court because this Court lacks subject matter jurisdiction. See Pretka, 608 F.3d at 751. ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). Accordingly, upon due consideration, Plaintiffs' motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on the 22nd day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record