UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK PEREIRA and CAMILA DE
FREITAS,

       Plaintiffs,

v.                              Case No:  6:12-cv-1383-Orl-22TBS

REGIONS BANK,

       Defendant.

_____

## ORDER

Pending before the Court are Defendant Regions' Motion to Stay Discovery Pending Resolution of Dispositive Motion (Doc. 32) and Defendant Regions' Motion for Enlargement of Time to Respond to Initial Discovery (Doc. 38).  Plaintiffs have not responded to either motion. (Docket).  Plaintiffs have, however, filed a motion to stay all proceedings pending resolution of a related case now before the United States Supreme Court.  (Doc. 37).

Defendant seeks to stay discovery until the Court rules on what it believes is a dispositive motion to dismiss (Doc. 12).  In the meantime, Plaintiffs served Defendant with a request for production and a request for admissions and interrogatories on October 5, 2012.  (Docs. 32 at 2, 33).  In their case management report (Doc. 27) the parties agree that initial disclosures will not be due until 30 days after the Court rules on the motion to dismiss.  However, Plaintiffs insist that Defendant respond to their initial requests for production within 30 days after they were served, i.e., by November 7, 2012.[1]  Defendant

---

[1] Defendant states that its responses to Plaintiff's initial discovery requests are due 30 days after

requests that the Court stay this discovery until after the Court rules on the motion to dismiss.

In support of its motion, Defendant cites the Eleventh Circuit's holding in Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997), where the court reasoned:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

The holding in Chudasama does not require that a court suspend discovery every time a motion to dismiss is pending.  Rather, Chudasama and its progeny "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." In re Winn Dixie Stores, Inc. ERISA Litigation, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887 *2 (M.D. Fla. June 28, 2007).[2]   When deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  Accordingly, the Court must take a "preliminary peek" at Defendant's motion to dismiss to see it is case dispositive and appears meritorious.  Id.

Without expressing any opinion on the ultimate merits of Defendant's motion to

---

October 5, 2012 and by November 7, 2012.  (See Doc. 38).  The Court counts 30 days after October 5, 2012 as being due on November 5, 2012. However, if the parties' understanding is that Defendant's initial production is due November 7, then any error is harmless.

[2] This is an unpublished opinion.  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  CTA11 Rule 36-2.

dismiss, it appears after a brief glance that the motion is dispositive and perhaps meritorious.  Plaintiffs themselves admit the motion is dispositive in their motion to stay. (See Doc. 37) (stating that a decision that finds that 12 U.S.C. § 1831a(j)(1) preempts Plaintiffs' claims would be dispositive against Plaintiff).

A delay in discovery at this time would not prejudice Plaintiffs, who similarly seek a stay of the case, albeit for different reasons.  (Doc. 37).  Plaintiffs and Defendant agreed in their case management report not to make initial disclosures until 30 days after the Court rules on the motion to dismiss, and if the motion is denied there will still be sufficient time to complete discovery.  (Doc. 27).  Thus, delaying Defendant's response to Plaintiffs' requests for production should not affect either party's ability to conduct discovery or file timely dispositive motions.

Accordingly, Defendant Regions' Motion to Stay Discovery Pending Resolution of Dispositive Motion (Doc. 32) is **GRANTED**.  All discovery is **STAYED** until the resolution of Defendant's motion to dismiss.  If the Court does not dispose of this case on the motion to dismiss, then Defendant's response to Plaintiff's initial requests for production are due no later than 10 days after the date the Court enters its Order ruling on the motion to dismiss.  Because the Court has granted Defendant's motion to stay discovery, Defendant's motion for extension of time is moot.  Accordingly, Defendant Regions' Motion for Enlargement of Time to Respond to Initial Discovery (Doc. 38) is **DENIED as MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on the 7th day of November, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record